**In re MacKIE AND KAMRATH, a Texas limited partnership.**

**JOHN CRAIG AND COMPANY, INC., a Texas Corporation, Movant/Plaintiff,**

**v.**

**MacKIE AND KAMRATH, INTERESTS Debtor-in-Possession and Respondent/Defendant.**

**Bankruptcy No. 86–06592–H2–11.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Oct. 29, 1986.

---

Hiller, Kornfeld & Falik, Joseph A. Kornfeld, Carmellia Boyer, Houston, Tex., for movant-plaintiff.

Hoover, Cox & Shearer, Rebecca Davies, Joseph Slovacek, Houston, Tex., for respondent-defendant.

## MEMORANDUM DECISION AND ORDER ON APPLICATION FOR A PRELIMINARY INJUNCTION

EDWARD J. RYAN, Bankruptcy Judge.

MacKie and Kamrath, a Texas limited partnership, filed its petition for relief under Chapter 11 of the Bankruptcy Code on August 1, 1986. Prior thereto on May 17, 1985, the debtor had entered into a lease with John Craig and Company, Inc., a Texas corporation. The leased premises are located in a commercial shopping center known as the Gardens of Bammel Lane. The tenant, on taking possession of the leased premises, operated a retail plant nursery and landscaping business.

A controversy arose between the landlord and the tenant which culminated in the hand delivery of a letter stating in substance that the landlord was terminating the lease for failure to cure alleged breaches thereof. The letter was delivered on August 1, 1986. On that afternoon the landlord changed the locks and undertook to take possession of the premises. The tenant, unaware of the Chapter 11 filing, sought and obtained relief by way of a temporary restraining order issued from the 295th Judicial District Court of Harris County on August 5, 1986. *Inter alia*, the temporary restraining order required that the landlord discontinue the lockout of the tenant from the leased premises. It was not until Wednesday, August 6, 1986, that the tenant was informed of its landlord's filing of a petition in the bankruptcy court.

The tenant, by amended complaint and application for injunctive relief, seek in this court substantially the relief which had been sought, and obtained in part, in the State court together with damages for tortious acts and incidental relief.

The debtor in possession-landlord contending that this controversy is a core proceeding under 28 U.S.C. § 157 urges that this court retain jurisdiction of the subject matter.

This is not a core proceeding. It is a garden variety landlord tenant controversy that ought be litigated in the courts of the State of Texas. This court in the interest of justice and in the interest of comity with the State court and out of respect for State law, abstains from hearing this proceeding arising in or related to a case under Title 11 28 U.S.C. § 1334(c)(1). *See Collier on Bankruptcy* (15th Ed.) ¶ 3.01[a].

The motion is denied without prejudice to appropriate litigation in the state court.

It is so ordered.